# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| JOHN R. HARRISON, Administrator Of the Estate of Jesus Malave Morales, | ) ) ) | Case No. 1:19-cv-02328 |
| Plaintiff | ) ) ) | JUDGE CHRISTOPHER A. BOYKO |
| vs. | ) ) | **DEFENDANT'S MOTION TO SEAL SUMMONS AND RECEIPTS OF SERVICE** |
| CITY OF CLEVELAND, et al. | ) ) **)** | |
| Defendants | ) | |

Defendant City of Cleveland (the "City"), pursuant to Local Rule 5.2, respectfully moves this Court for an Order that the Summons to be served upon Defendants Kristina Vargo, Charles L. Stephens, Jr., Timothy Holt, George Brown, Kevin Boll, Alan Furtado, Elizabeth Hester, Joseph Stottner, and Joseph Rauscher (collectively, the "Corrections Officers"), and the Receipts of Service returned on those Summons, be filed under seal of this Court. Specifically, the City seeks to protect from public disclosure the home addresses of the Corrections Officers. A Memorandum in Support of this Motion is attached hereto and incorporated herein.

Respectfully submitted,

　　　*/s/ Andrew J. Dorman*　　　
Andrew J. Dorman (0063410)
Holly Marie Wilson (0074291)
Thomas D. Jackson (0098911)
**Reminger Co., L.P.A.**
101 W. Prospect Avenue, Suite 1400
Cleveland, Ohio 44115
Phone: 216-687-1311
adorman@reminger.com
hwilson@reminger.com
tjackson@reminger.com

Timothy J. Puin (0065120)
Assistant Director of Law
Brandon E. Brown (0097013)
Assistant Director of Law
**City of Cleveland, Department of Law**
601 Lakeside Avenue, Room 106
Cleveland, Ohio 44114
Phone: 216-664-2800
tpuin@city.cleveland.oh.us
bbrown@city.cleveland.oh.us

*Attorneys for Defendant City of Cleveland*

**MEMORANDUM IN SUPPORT**

It is well-settled that the public has both constitutional and common law rights of access to civil proceedings and judicial records, but these rights are not absolute. *See Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1179 (6th Cir. 1983). In fact, the Sixth Circuit has delineated several situations in which the public's right to access may need to yield to competing interests: a defendant's right to a fair trial, the privacy rights of parties to the action, trade secrets, and national security. *See id.* Nevertheless, "only the most compelling reasons can justify the total foreclosure of public and professional scrutiny." *Id.* at 1180.

Courts within this Circuit have held that certain forms of "confidential information" provide a compelling reason to seal information from public access, including "personal information." *See Ethicon Endo-Surgery, Inc. v. Covidien, Inc.*, S.D. Ohio No. 1:11-cv-871, 2017 U.S. Dist. LEXIS 152588, at *7-8 (Sep. 20, 2017); *see also The Proctor & Gamble Co. v. Ranir, LLC*, S.D. Ohio No. 1:17-cv-185, Dkt. #35, 2017 U.S. Dist. LEXIS 131141 (Aug. 17, 2017) (defining "Confidential Information" as, at a minimum, including "non-public information" that contains "confidential trade secrets, technical, business, financial, or personal information"). Further, Ohio Revised Code § 149.43(A)(1)(p) provides that "designated public service worker residential and familial information" is not a public record. R.C. § 149.43(A)(1)(p). The statute defines a "correctional employee" as a "designated public service worker" and protects any information that discloses "the address of the actual personal residence of a designated public service worker." R.C. 149.43(A)(7)-(8)(a).

In our case, the Corrections Officers were employed by the then Cleveland City Jail as correctional employees. In their day-to-day job duties, the Corrections Officers interacted closely with innumerable inmates. To protect both the safety of the Corrections Officers and their families,

their home addresses should not be publicly disclosed. The Corrections Officers have strong privacy interests in their home addresses and these addresses constitute protected personal information, providing the requisite compelling reason to be sealed from public disclosure and furthering the purposes of R.C. 143.49.  It should also be noted that both the Plaintiff and the City have agreed that this information should not be on the public record and that a brief in opposition is not expected in response to this Motion.

Accordingly, the City respectfully requests that this Court grant its Motion and issue an Order sealing the Summons to be served upon the Corrections Officers and the Receipts of Service returned on those Summons.

Respectfully submitted,

*/s Andrew J. Dorman*
Andrew J. Dorman (0063410)
Holly Marie Wilson (0074291)
Thomas D. Jackson (0098911)
**Reminger Co., L.P.A.**
101 W. Prospect Avenue, Suite 1400
Cleveland, Ohio 44115
Phone: 216-687-1311
adorman@reminger.com
hwilson@reminger.com
tjackson@reminger.com


Timothy J. Puin (0065120)
Assistant Director of Law
Brandon E. Brown (0097013)
Assistant Director of Law
**City of Cleveland, Department of Law**
601 Lakeside Avenue, Room 106
Cleveland, Ohio 44114
Phone: 216-664-2800
tpuin@city.cleveland.oh.us
bbrown@city.cleveland.oh.us

*Attorneys for Defendant City of Cleveland*

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of January 2020, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Andrew J. Dorman
Andrew J. Dorman (0063410)
