**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| JOHN R. HARRISON, Administrator<br>Of the Estate of Jesus Malave Morales,<br><br>        Plaintiff<br>    vs.<br><br>CITY OF CLEVELAND, et al.<br><br>        Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO. 1:19-CV-02328<br><br>JUDGE CHRISTOPHER A. BOYKO<br><br>**DEFENDANT CITY OF CLEVELAND'S REPLY IN SUPPORT OF ITS NOTICE OF SUPPLEMENTAL AUTHORITY** |

Defendant City of Cleveland (the "City") respectfully submits its Reply in Support of its Notice of Supplemental Authority.

The City is entitled to supplement its Motion for Judgment on the Pleadings (Doc. # 10) and Reply in Support thereof (Doc. # 27) with binding authority written after the City filed these briefs. "If pertinent and significant authorities come to a party's attention after the party's brief has been filed, a party may promptly advise the Court by serving and filing a Notice of Supplemental Authority that sets forth the citations(s)." *Williams v. Mentor Wordwide LLC*, 2019 U.S. Dist. LEXIS 168736, fn. 1 (N.D. Ohio Sep. 30, 2019) (citations omitted). Clearly, the U.S. Court of Appeals for the Sixth Circuit's opinion in *Andrews v. Wayne County, MI*, Case No. 19-1992, 2020 WL 2111315 (6th Cir. May 4, 2020) (Doc. # 35-1) was made available well after the City submitted its Motion and Reply in Support thereof. Plaintiff argues in his Response (Doc. # 36) that the City, through filing its Notice of Supplemental Authority, improperly argued a point that was not made in its Motion and that this, therefore, cannot be the basis for rendering

judgment in the City's favor. This is untrue. Indeed, a Notice of Supplemental Authority "is not to be used to reargue issues already raised in the briefs." *Williams*, 2019 U.S. Dist. LEXIS 168736, fn. 1.

Further, the City does not misrepresent the Sixth Circuit's holding in *Andrews*, as Plaintiff suggests in his Response. The key language in that case provides that a pretrial detainee, such as Mr. Morales, has no constitutional right to a suicide screening unless the pretrial detainee manifests a strong likelihood of suicide:

> "Pretrial detainees have a right to receive adequate medical attention under the Due Process Clause of the Fourteenth Amendment. This includes psychological needs, 'especially when they result in suicidal tendencies.' 'The right that is truly at issue…is…the right to have steps taken that would have prevented suicide.' **A pretrial detainee does not have a general constitutional right to receive a suicide screening or to be placed on suicide watch unless [he] manifests 'a strong likelihood of committing suicide**.'"

*Andrews*, 2020 WL 2111315 at *4 (citations omitted) (emphasis added). Plaintiff's Complaint does not allege that Mr. Morales *manifested* a strong likelihood of committing suicide, such as through stating he wanted to die, or through acts of attempted self-harm in front of the corrections officers, for example. Instead, Plaintiff alleges that Mr. Morales *had* a strong likelihood of committing suicide—without alleging manifestation of that tendency—and that the Defendants in this case failed to document his suicidal tendencies. (Compl. at ¶¶ 27-29). The Complaint sets forth mere conclusory statements about Mr. Morales' unmanifested mental state and alleges that the Defendants should have documented his unknown mental state. In other words, that Defendants should have read Mr. Morales' mind. Surely the law could not require Defendants to engage in telepathic communications with Mr. Morales during his intake process.

Accordingly, Plaintiff's claims against the City, including but not limited to the Third Claim for Relief (42 U.S.C. § 1983 claim), should be dismissed for the reasons stated in the City's Motion and Reply in Support thereof, as supplemented by *Andrews*.

                                                Respectfully submitted,

                                                */s/ Andrew J. Dorman*
                                                ANDREW J. DORMAN (0063410)
                                                HOLLY MARIE WILSON (0074291)
                                                THOMAS D. JACKSON (0098911)
                                                **REMINGER CO., L.P.A.**
                                                101 Prospect Avenue West, Suite 1400
                                                Cleveland, Ohio 44115
                                                P: 216-687-1311
                                                F: 216-687-1841
                                                Email: adorman@reminger.com
                                                             hwilson@reminger.com
                                                             tjackson@reminger.com

                                               */s/ Timothy J. Puin*
                                                TIMOTHY J. PUIN (0065120)
                                                Assistant Director of Law
                                                **CITY OF CLEVELAND**
                                                601 Lakeside Avenue, Room 106
                                                Cleveland, Ohio 44114
                                                P: 216-664-2800
                                                Email: tpuin@city.cleveland.oh.us
                                                *Attorneys for Defendant City of Cleveland*

## CERTIFICATE OF SERVICE

I hereby certify that, on this 15th day of May 2020, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Andrew J. Dorman*
ANDREW J. DORMAN (0063410)